IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JOHN ERIC POLLARD,                     )
and REBECCA SUE POLLARD,               )
                                       )
          Plaintiffs,                  )     TC-MD 200396R
                                       )
     v.                                )
                                       )
DESCHUTES COUNTY ASSESSOR,             )
                                       )
          Defendant.                   )     **DECISION**

Plaintiffs appealed the assessment of property identified as Account 165429 for the 2020-21 tax year. A trial was held on June 9, 2021, via web conference. John Pollard (Pollard) testified on behalf of Plaintiffs. Todd Straughn, Eric Sexton (Sexton), and Zachary Hastings testified on behalf of Defendant. Plaintiffs' Exhibits A through CC and Defendant's Exhibits A through H were received as evidence.

## I. STATEMENT OF FACTS

Plaintiffs began construction on their home in Bend during 2018, completed the home in November 2019, and received an occupancy permit on November 8, 2019. (Ex A at 1). For the 2019-20 tax year, Defendant initially assessed Plaintiffs' property as having a maximum assessed value (MAV) of $448,110. (Ex B at 1.) The parties negotiated an agreement to reduce the property's real market value (RMV) to $618,630 and the MAV to $275,890 for the 2019-20 Tax Year.[1] (Ex F at 1.) At trial, Pollard testified that he believed the assessment was reduced because Plaintiffs had occupied the home for only 204 days, which constituted 56 percent of the year. *(See also* Ptfs' Closing Argument at 1.) In negotiating the stipulated agreement, Plaintiffs stated in an

---

[1] Defendant reached the MAV by multiplying the stipulated RMV by the changed property ratio (CPR).

email to Defendant that "[w]e would be grateful if you can base your 56 percent completion on the assessment number."[2] (Ex C at 2.) Sexton testified that Defendant reduced the assessment on the basis that the structure was 56 percent complete as of January 1, 2019. (Ex A at 1, 3.)

As of January 1, 2020, Defendant assessed Plaintiffs' property as 100 percent complete. (Ex A at 3.) Plaintiffs received their 2020-21 tax statement, which included a nearly 20 percent increase in their MAV, and they appealed to the county Board of Property Tax Appeals (BOPTA) to reduce the increase in their MAV. (Ptfs' Ex Z at 1.) BOPTA found a clerical error that resulted in a small decrease in Plaintiffs' MAV, but upheld Defendant's method of calculating Plaintiffs' MAV. Plaintiffs appeal this decision.

## II. ANALYSIS

Whether the property's 2020-21 MAV was calculated correctly depends on if Defendant assessed Plaintiffs' property as having a completed home for the 2019-20 tax year. If the home was assessed as complete, then Defendant could not increase the MAV of Plaintiffs' property by more than three percent for the 2020-21 tax year. If the home was not assessed as complete, then the MAV of Plaintiffs' property should be adjusted to account for its increase in value resulting from the improvements.

A.  *Property Taxation in Oregon.*

Real property is assessed on the lesser of its real market value or its maximum assessed value. ORS 308.146(2). While a property's real market value can change dramatically from year to year, the MAV of a property can only increase by three percent each year, unless exceptions to the general rule, such as new property improvements, allow for a greater increase. ORS 308.146; 308.153.[3] New property and new improvements not subject to the three percent

_____

[2] No pictures of the home on January 1, 2019, were presented at trial. However, in Exhibit H, Defendant presented photos of the partially completed home in May 2019.

[3] Unless otherwise stated, the Oregon Revised Statutes (ORS) 2019 version is used.

limit are defined as changes in the property value resulting from, "[n]ew construction, reconstruction, major additions, remodeling, renovation or rehabilitation of property" and are "integral part[s] of the land or improvements on the assessment date." ORS 308.149(6)(a)(A); 308.153(3)(a)(A). When improvements are made during the year, they are added to the property tax account as of the January 1 assessment date of the following tax year. *See Chart Development Corp. v. Dept. of Rev.*, 17 OTR 170, 171 (2003) (explaining in which situations MAV is subject to recalculation). For new property and new improvements, the real market value of the new improvements is multiplied by the changed property ratio (CPR) and added to the existing maximum assessed value. ORS 308.153(1). The CPR is "the ratio of average maximum assessed value to average real market value of property located in the area in which the property is located that is within the same property class." Or Const, Art XI, § 11(1)(c); see also ORS 308.153(1)(b). The value of new improvements is "the real market value" of the new improvements less the real market value of any retirements. ORS 308.153(2)(a).

Plaintiffs contend that, following the stipulated agreement with the county, Defendant assessed their home as 100 percent complete but that Plaintiffs were charged taxes for only 56 percent of the year, which was the time during the tax year that they occupied the structure. Plaintiffs are thus asking the court to conclude that their property's MAV for January 1, 2019, reflects a completed structure so that the property's MAV does not increase by more than three percent for the 2020-21 tax year. Defendant contends that the stipulated agreement did not result in the assessment of a completed structure, but rather that the structure on the property was assessed as 56 percent complete on January 1, 2019. Defendant asks the court to conclude that the January 1, 2020, assessment reflects the property as having a finished structure and is thus subject to partial re-calculation of its MAV due to the additional 44 percent completion during 2019, pursuant to ORS 308.153.

Oregon taxes property owners for their interest (*i.e.*, ownership rights) in the property, not for their use of the property. *Ellison v. Dept. of Rev.*, 362 Or 148, 168-69. *See also Dish Network Co. v. Dept. of Rev.*, 364 Or 254, 434 P3d 379 (2019) (providing further explanation on Oregon's property tax scheme after Measure 50 and clarifying that "new property" includes all property that is newly added to the taxpayer's tax account by the assessor). This interest is assessed only on existing property; assessors are incapable of assessing property that does not exist. Because Defendant assessed Plaintiffs' home for the additional 44 percent completion during 2019, their property tax increased more than three percent. The stipulated agreement from the prior year did not calculate the MAV as having a complete structure, but instead as having a partially completed structure. Indeed, Defendant would not be authorized to impose taxes on property value that does not yet exist. Although Plaintiffs argue they would not have agreed to the stipulation had they known their MAV would be readjusted the following year, the adjustment was required as a matter of law due to new additions to the property.

B.      *Plaintiffs' Burden of Proof*

Plaintiff has the burden of proof, by preponderance of the evidence, of establishing that the MAV of their property was incorrect. ORS 305.427. Neither party disputes that Plaintiffs' construction was unfinished on January 1, 2019, nor do they dispute that the home was finished by January 1, 2020.

At trial, Sexton testified that he evaluated Plaintiffs home as 56 percent complete on January 1, 2019. This was supported by photos of the home taken on the 2019 actual assessment date, demonstrating Defendant knew the home was not a completed structure on January 1, 2019, and thus would not have evaluated the property as if it contained a completed structure. In addition, Plaintiffs' email negotiating the stipulated agreement contained the statement "your 56 percent completion,"

implying that Defendant and Plaintiff agreed to use the 56 percent figure. Nothing in the stipulated agreement indicates the MAV and RMV used in the agreement represented a finished building, nor does the agreement prevent yearly adjustments to the MAV and RMV to account for new improvements made to the property. Plaintiffs may have made a unilateral mistake when assuming the 56 percent was used for their occupancy instead of for the home's level of completion.

Defendant's assessment on January 1, 2019, was based on Plaintiffs' structure being 56 percent complete. Because this property was finished by January 1, 2020, it was assessed as complete for the 2020-21 tax year. The property is subject to adjustment of its MAV under ORS 308.153 for that year, rather than the three percent maximum increase under ORS 308.146.

### III. CONCLUSION

The court finds that Plaintiffs' property was 56 percent complete as of January 1, 2019. Defendant correctly determined that Plaintiffs' property was 100 percent complete as of January 1, 2020, thus requiring it to compute additional value to the MAV for the 2020-21 tax year. Defendant's adjusted 2020-21 assessment of the Plaintiffs' property, as modified by BOPTA for a slight error, was correct. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this____ day of November 2021.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*Some appeal deadlines were extended in response to the Covid-19 emergency. Additional information is available at https://www.courts.oregon.gov/courts/tax*

*This document was signed by Magistrate Richard Davis and entered on November 23, 2021.*